IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDI BOOKER, Administrator, | : | CIVIL ACTION |
| Estate of Elaine Booker | : | |
| | : | No. 13-1099 |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                                     June 24, 2015

The United States of America, the Defendant in this medical malpractice action pursuant to the Federal Tort Claims Act (FTCA), asks this Court to grant summary judgment in its favor on the basis that (1) the Court lacks subject matter jurisdiction because Plaintiff Brandi Booker failed to exhaust administrative remedies before initiating this lawsuit, and (2) the suit is now time barred. Although the Court agrees with the Government that this case must be dismissed for lack of subject matter jurisdiction, the Court is not persuaded the jurisdictional defect is incurable. As explained below, the Court will grant the Government's motion insofar as this case will be dismissed for lack of subject matter jurisdiction. The dismissal, however, will be without prejudice to Plaintiff's right to return to federal court after filing a new administrative claim with the United States Department of Health and Human Services (HHS) and receiving a denial of that claim.

**BACKGROUND**

This action concerns health care services provided to Plaintiff's mother, Elaine Booker, who died on April 25, 2009. Plaintiff, who is the administrator of her deceased mother's estate, alleges her mother's death was the result of negligent medical care Ms. Booker received from Greater Philadelphia Health Action, Inc. (GPHA), her former employer, and two GPHA physicians, Dr. Heather Ruddock, M.D., and Dr. Monica Mallory-Whitmore, D.O.

Plaintiff commenced this action by filing a praecipe to issue a writ of summons against GPHA and Dr. Ruddock in the Court of Common Pleas of Philadelphia County on April 22, 2011, less than two years after her mother's death. Plaintiff filed a Complaint in the state-court action on January 23, 2012, naming GPHA and Dr. Mallory-Whitmore as Defendants, and filed an Amended Complaint against GPHA, Dr. Mallory-Whitmore, and Dr. Ruddock on August 27, 2012.

While this case was pending in state court, Defendants requested representation from HHS pursuant to the Federally Supported Health Centers Assistance Act (FSHCAA), which makes a suit against the United States under the FTCA the exclusive remedy for medical negligence claims against federally funded community health centers and their employees in certain circumstances.[1] HHS denied Defendants' requests for representation by letters of November 22, 2011, and July 9, 2012. In January 2013, however, HHS reversed its prior denials, concluding that GPHA, Dr. Mallory-Whitmore, and Dr. Ruddock were covered under the FTCA with respect to the medical care underlying Plaintiff's lawsuit. By letter of January 10, 2013, HHS requested that the United States Attorney for the Eastern District of Pennsylvania assign an Assistant United States Attorney (AUSA) to defend the case; promptly remove the action to federal court; substitute the United States for GPHA, Dr. Mallory-Whitmore, and Dr. Ruddock as the Defendant; and move to dismiss the case for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 2675.

Despite HHS's request, an AUSA did not appear promptly and remove the case; therefore, on March 1, 2013, GPHA exercised its right to remove the case pursuant to 42 U.S.C.

---

[1] The FSHCAA extends FTCA coverage to those centers and employees for whom the Secretary of HHS has approved an application for such coverage. *See* 42 U.S.C. § 233(g).

§ 233(*l*)(2).[2] Due to a docketing error, Plaintiff did not learn of the removal until GPHA filed a praecipe to enter notice of removal in the state court action on March 5, 2013. The Government thereafter filed a motion to remand, arguing that, contrary to HHS's determination, the services giving rise to Plaintiff's claims were outside the scope of Defendants' FTCA coverage. Plaintiff and all three named Defendants in the state-court action opposed remand.

On May 2, 2013, the day after the Government filed its motion to remand, Plaintiff filed an administrative claim with HHS in an effort to exhaust her administrative remedies, as required under the FTCA. *See* 28 U.S.C. § 2675(a).

On March 31, 2014, this Court issued a Memorandum and Order denying the Government's motion to remand and directing that the Government be substituted for GPHA, Dr. Mallory-Whitmore, and Dr. Ruddock as the sole Defendant in this action. Following a status conference on April 15, 2014, the parties submitted a joint proposed Case Management Order, and the Court entered a version of the parties' proposed Order on April 24, 2014. Pursuant to the parties' agreement, the Order directed HHS to issue a denial of Plaintiff's administrative claim by April 29, 2014, and directed Plaintiff to file an Amended Complaint by May 30, 2014. The Order also recited that the United States "waive[d] no defenses to [the filing of the Amended Complaint] and reserve[d] all defenses, including lack of subject matter jurisdiction under

---

[2] The FSHCAA contemplates that within 15 days after being notified of the filing of a state court action against a federally funded health center or its employees, the Attorney General will appear and advise the court whether HHS has determined that the health center or its employees are entitled to FTCA coverage for the acts and omissions that are the subject of the suit. *See* 42 U.S.C. § 233(*l*)(1). If the Attorney General fails to appear in state court within this 15-day period, the center or its employees may remove the case to federal court whereupon "[t]he civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim . . . ." *Id.* § 233(*l*)(2).

*McNeil v. United States*, 508 U.S. 106 (1993), statute of limitations defenses, as well as any other applicable defenses."

Consistent with the deadlines in the Case Management Order, HHS issued a letter denying Plaintiff's administrative tort claim on April 28, 2014, and Plaintiff filed an Amended Complaint naming the United States as the Defendant on May 27, 2014. In its Answer, the Government raised lack of subject matter jurisdiction as an affirmative defense but did not move to dismiss the case on this basis as HHS had previously requested. Rather, following the completion of discovery, the Government raised its jurisdictional defense in the instant summary judgment motion.

After hearing argument on the summary judgment motion at the final pretrial conference, the Court advised the parties it was inclined to dismiss this action for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust but to permit Plaintiff to return to federal court after filing and receiving a denial of a new administrative claim.[3] Because both parties were prepared to proceed to trial immediately following the pretrial conference, for the convenience of the witnesses, and with the agreement of the parties, the Court proceeded to hear the evidence regarding Plaintiff's medical malpractice claims on the understanding that the parties would stipulate that the evidence in this case would become part of the record in the federal case to be filed after exhaustion of administrative remedies, with both parties reserving all defenses and appellate rights.

---

[3] The Government does not agree that the Plaintiff may file a new administrative claim at this juncture, but agrees that if Plaintiff were to file a new administrative claim, the claim would be denied. After speaking with HHS, the Government represented that the processing of a new claim could potentially be completed in as little as 48 hours.

## DISCUSSION

The FTCA requires a claimant to exhaust administrative remedies before bringing suit against the United States and provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss or property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Section 2675(a) requires "complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993); *see also id.* at 113 (holding "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). "No claim can be brought under the FTCA unless the plaintiff first presents the claims to the appropriate federal agency *and* the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) (emphasis added). In the Third Circuit, this exhaustion requirement "is jurisdictional and cannot be waived."[4] *Id.* at 569.

Under § 2675(a), a claimant must exhaust administrative remedies before instituting "[a]n action . . . upon a claim against the United States." It is not obvious what constitutes the institution of such an action in the circumstances of this case. When Plaintiff commenced this

---

[4] While a "vast majority" of the federal Courts of Appeals regard the FTCA's exhaustion requirement as jurisdictional, *see Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011) (en banc), the Seventh Circuit has taken a different view, holding this requirement is "better characterized as a 'condition precedent to the plaintiff's ability to prevail.'" *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786-87 (7th Cir. 2014) (quoting *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997)).

action in state court, she named GPHA and individual GPHA doctors—not the United States—as Defendants, and her Complaint did not reference the FTCA. While the case was subsequently removed to federal court, it was GPHA that filed the notice of removal, which the United States contested. Following the removal, the case was effectively stayed by operation of law while this Court considered the Government's motion to remand. *See* 42 U.S.C. § 233(*l*)(2). The United States was not a party to the case until this Court denied the remand motion and ordered that the United States be substituted as the sole Defendant in the case—by which time Plaintiff had filed an administrative claim with HHS.

Some courts have held that where a plaintiff brings a state tort claim against individual federal employees and the Government later removes the case on the basis that the employee is covered by the FTCA, there is no "action . . . upon a claim against the United States" until the case is removed to federal court and the United States is substituted as a defendant.[5] Under this

---

[5] *See Walters v. Mercy Hosp. Grayling*, No. 13-13282, 2013 WL 5775367, at *3 (E.D. Mich. Oct. 25, 2013) (holding the filing of a state-court malpractice action against individual doctors and their employers did not constitute the institution of an action upon a claim against the United States for purposes of § 2675(a); rather, an action was instituted against the United States only when the United States was substituted as a defendant after removing the case to federal court); *Whitney v. Percell*, No. 11-2256, 2012 WL 1267992, at *1 (D. Ariz. Apr. 16, 2012) ("When a Plaintiff files a claim in state court that is later removed to federal court pursuant to FTCA, 'jurisdiction under section 2675(a) does not arise until after removal to the district court, for only there does the action become one against the United States.'" (quoting *Staple v. United States*, 740 F.2d 766, 768 (9th Cir. 1984))), *reconsideration denied by* 2012 WL 1880609 (D. Ariz. May 22, 2012).

In addition, in *Valadez-Lopez v. Chertoff*, the Ninth Circuit suggested a plaintiff institutes an action upon a claim against the United States for purposes of § 2675(a) by commencing proceedings in court against the United States, by invoking the federal court's jurisdiction under the FTCA, or by otherwise seeking redress against the government pursuant to the FTCA. *See* 656 F.3d 851, 855-56 & n.1 (9th Cir. 2011). In that case, however, the plaintiff filed a lawsuit in federal court, asserting federal constitutional claims against local officials pursuant to 42 U.S.C. § 1983 and against federal officials pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). The plaintiff separately filed administrative tort claims with several federal agencies. When the plaintiff's administrative claims remained undecided six months later, the plaintiff elected to treat the claims as denied for purposes of § 2675(a) and amended his complaint to add

view, Plaintiff would be deemed to have instituted an action on a claim against the United States, at the earliest, on March 1, 2013, when the case was removed to federal court and jurisdiction was first asserted under the FTCA,[6] and, at the latest, on March 31, 2014, when this Court ordered the United States substituted as the sole Defendant in this action.

Other courts have treated the filing of a state tort suit against individual federal employees later held to be covered by the FTCA as the institution of an action upon a claim against the United States.[7] Under this view, Plaintiff would be deemed to have instituted an action upon a claim against the United States on April 22, 2011, when she commenced this action in the Court of Common Pleas.

---

negligence-based tort claims against the United States pursuant to the FTCA. The district court dismissed the FTCA claims on the Government's motion for failure to exhaust. On appeal, the Ninth Circuit disagreed, holding the plaintiff had, in fact, exhausted his administrative remedies before instituting a claim against the United States under the FTCA because he "amended his complaint to name the United States and include an FTCA cause of action" only after his administrative claims were deemed denied under § 2675(a). *See id.* at 855. Unlike in this case, the plaintiff in *Valadez-Lopez* did not assert negligence claims against anyone in his original complaint, but first asserted those claims as FTCA claims against the United States in his amended complaint. The decision thus does not speak directly to the situation in which the United States is substituted as the defendant with respect to negligence claims originally asserted in state court against individual government actors.

[6] Although it was GPHA that removed the case, Plaintiff supported the removal and thus arguably invoked jurisdiction under the FTCA by filing an opposition to the Government's motion to remand on May 24, 2013.

[7] *See J.H. ex rel. Gallegos v. Cnty. of Kern*, No. 13-500, 2014 WL 1116985, at *2-3 (E.D. Cal. Mar. 19, 2014) (treating the filing of a state malpractice action against a doctor covered by the FTCA under the FSHCAA as the institution of an action upon a claim against the United States because, "[a]lthough plaintiffs do not explicitly state a FTCA claim against the United States; pursuant to the FSHCAA, their claims against Dr. Garcia are 'deemed a tort action brought against the United States'" (quoting 42 U.S.C. § 233(c))); *Estate of George v. Veteran's Admin. Med. Ctr.*, 821 F. Supp. 2d 573, 580 (W.D.N.Y. 2011) (treating the date suit was filed in state court against a Veteran's Administration Medical Center as the date the plaintiff instituted an action upon a claim against the United States); *Edwards v. District of Columbia*, 616 F. Supp. 2d 112, 116 n.3 (D.D.C. 2009) (holding the question for purposes of § 2675(a) is not "whether the initial complaint was explicitly based on FTCA jurisdiction" but whether the plaintiff's claims properly fall within the scope of the FTCA).

7

Plaintiff filed an administrative claim with HHS on May 2, 2013. It is thus readily apparent that Plaintiff did not exhaust administrative remedies before she commenced this action in state court in April 2011 or before GPHA removed the case to federal court in March 2013. Although Plaintiff filed her administrative claim before the United States was actually substituted as the Defendant in the case pursuant to the Court's March 31, 2014, Order, § 2675(a) requires "complete exhaustion of Executive remedies" before an action upon a claim against the United States is instituted. *See McNeil*, 508 U.S. at 112. Not only must the plaintiff have filed an administrative claim with the appropriate agency, but the agency must have "render[ed] a final decision on the claim." *See Shelton*, 775 F.3d at 569; *see also* 28 U.S.C. § 2675(a). Here, Plaintiff's claim was not denied until April 28, 2014, almost a month after this Court ordered the United States substituted as the sole Defendant in this action.[8] Because Plaintiff failed to completely exhaust administrative remedies before instituting an "action . . . upon a claim against the United States," under any interpretation of the statute, this case must be dismissed for lack of subject matter jurisdiction. *See McNeil*, 508 U.S. at 113.

Insofar as Plaintiff argues the filing of an Amended Complaint in federal court after her administrative claim was formally denied cured any jurisdictional defect, the case law interpreting § 2675(a) holds otherwise. In *Duplan v. Harper*, the Tenth Circuit held that, "as a general rule, a premature [FTCA] complaint cannot be cured through amendment, but instead, plaintiff must file a new suit." 188 F.3d 1195, 1199 (10th Cir. 1999) (citation and internal

---

[8] When an agency fails to "make final disposition" of an administrative claim within six months, the plaintiff may elect to treat the claim as finally denied for exhaustion purposes. *See* 28 U.S.C. § 2675(a). In this case, the six-month period expired in November 2013, while the Government's motion to remand remained under advisement and before the United States became a party to this action. Rather than exercising her option under § 2675(a) to treat the lapse of the six-month period as a final denial of her administrative claim, however, Plaintiff asked this Court to order HHS to issue a final denial after the motion to remand was denied.

quotation marks omitted). The court reasoned that "[a]llowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *Id.* In a non-precedential opinion in *Hoffenberg v. Provost*, a panel of the Third Circuit endorsed a similar view, rejecting the prisoner-plaintiff's argument that by amending his complaint after the Bureau of Prisons resolved his administrative claim he had "essentially re-filed his federal suit, thus fulfilling the FTCA's exhaustion requirement." 154 F. App'x 307, 310 (3d Cir. 2005). Numerous district courts have held to the same effect, rejecting arguments that a premature FTCA action can be remedied by filing an amended complaint after administrative remedies have been exhausted. *See, e.g.*, *Toomey v. United States*, No. 10-260, 2012 WL 876801, at *4 (E.D. Ky. Mar. 14, 2012); *Edwards*, 616 F. Supp. 2d at 117; *Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 254-55 (E.D. Cal. 1993). Notably, Plaintiff cites no case holding to the contrary.[9]

---

[9] In *Duplan*, the Tenth Circuit recognized a limited exception to the general rule that amendment cannot cure a premature FTCA action. The court held the filing of an amended complaint could be construed as initiating a new action against the government where the parties and the district court had agreed to a procedure whereby, in lieu of dismissing the case for failure to exhaust, the court administratively closed the case pending resolution of the administrative process. *See* 188 F.3d at 1198-1200. Here, in contrast, the Government objects to treating the Amended Complaint Plaintiff filed in federal court as instituting a new action, having specifically "reserve[d] all defenses, including lack of subject matter jurisdiction under *McNeil v. United States*," in the parties' joint proposed Case Management Order.

Courts have also treated an amended complaint as commencing a new action against the government when the amended complaint raises a new, exhausted FTCA claim not included in the original complaint. *See Valadez-Lopez*, 656 F.3d at 855 (holding the filing of an amended complaint to add an exhausted FTCA claim against the United States to a suit that previously asserted only constitutional claims against individual state and federal officials constituted the institution of a claim against the United States for purposes of § 2675(a)); *Mackovich v. United States*, 630 F.3d 1134, 1135-36 (8th Cir. 2011) (holding the filing of an amended complaint in which the plaintiff abandoned his initial, unexhausted medical malpractice claim and asserted only a new exhausted premises liability claim constituted the commencement of an entirely new action). Plaintiff did not raise a new, exhausted claim in her Amended Complaint in this case;

Although a dismissal for lack of subject matter jurisdiction is ordinarily without prejudice, the Government argues this case should be dismissed with prejudice because Plaintiff's claims are now time barred. The FTCA includes two separate limitations periods, providing that a tort claim against the United States "shall be forever barred" unless (1) the claim is "presented in writing to the appropriate Federal agency within two years after [it] accrues," and (2) a federal court action is "begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Under the FTCA as originally enacted, a plaintiff who pursued a tort claim against a defendant—only to later find out, after expiration of the FTCA's two-year limitations period, that the defendant was a federal employee—might find his or her claim barred based on the failure to file an administrative claim within the two-year period. *See Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009). In the Westfall Act, a 1988 amendment to the FTCA, however, Congress included "a clause that saves from being barred by the statute of limitations certain timely claims filed in the wrong forum, such as in a state or a federal court rather than with the appropriate administrative agency." *Id.* Under this savings provision,

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure to first present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

---

instead, she seeks to pursue a variation of the same professional negligence claims asserted in her earlier state-court Complaints.

28 U.S.C. § 2679(d)(5).

Because more than two years have passed since Plaintiff's negligence claims accrued, whether those claims are now time barred, such that dismissal with prejudice is appropriate, turns on whether this Court's dismissal of this action due to Plaintiff's failure to exhaust administrative remedies triggers application of the Westfall Act's savings provision.[10] If so, then, upon dismissal, Plaintiff will have 60 days in which to file a new administrative claim and, upon denial of the claim, 60 days in which to file a new action in federal court. The Third Circuit's recent unpublished opinion in *Huertero v. United States*, 601 F. App'x 169 (3d Cir. 2015), is instructive.

*Huertero*, like this case, involved a medical malpractice action against a doctor ultimately determined to be covered by the FTCA under the FSHCAA.[11] The plaintiff filed a malpractice action against the doctor in state court the day before the state's two-year statute of limitations was to expire. Approximately three months later, having learned that the defendant-doctor was covered by the FTCA, the plaintiff filed an administrative claim with HHS, but the agency dismissed the claim as untimely because it was filed more than two years after the claim accrued. The United States thereafter removed the case to federal court and filed a motion to dismiss for failure to exhaust, which the district court granted. The day after the case was dismissed, the plaintiff filed a second administrative claim, but HHS returned the claim to her on the basis that

---

[10] The Government does not dispute that Plaintiff's state-court action was timely. *See* Def.'s Mem. in Supp. of Mot. for Summ. J. 5 (conceding Plaintiff's malpractice claims accrued on April 25, 2009).

[11] Although the Third Circuit opinion does not mention the FSHCAA, the district court record reveals that the defendant-doctor was deemed to be a federal employee under the FSHCAA. *See* Pl.'s Opp'n to Mot. to Dismiss, Ex. 2, at 2-3, in *Huertero v. United States*, No. 13-3739 (D.N.J.), ECF No. 15-2.

it had already ruled on the case. Following the denial of her second administrative claim, the plaintiff filed a new FTCA action against the United States in federal court. The district court dismissed the new suit as time barred, reasoning that the plaintiff's first administrative claim, filed after expiration of the two-year limitations period, was untimely, and her second administrative claim, filed upon the dismissal of her original action, was "a nullity" in light of the earlier claim. *See Huertero*, 601 F. App'x at 172.

The plaintiff appealed the dismissal, and the Third Circuit reversed, holding the plaintiff's second administrative claim was timely under the Westfall Act's savings provision, which the court found was not triggered until the district court entered an order dismissing the plaintiff's original action. *See id.* In so holding, the court rejected the Government's argument that the savings clause was triggered when the plaintiff filed her first administrative claim, reasoning that when the first claim was filed, "[t]he Westfall Act's savings clause was not yet implicated," as "[t]he Government had not substituted itself as a party, the case had not been removed to federal court, the Government had not moved to dismiss for failure to exhaust administrative remedies, and the District Court had not dismissed the case." *Id.* at 173. Although the court was sympathetic to the Government's concern that FTCA plaintiffs not be permitted "to file the same (or nearly the same) administrative claim again and again, effectively restarting the clock for filing an FTCA claim *ad infinitum*," the court found the concern inapposite where the plaintiff's first administrative claim "preceded the process contemplated by the Westfall Act," such that "her first (and only) true bite at the apple came in the form of the second claim she filed with HHS." *Id.*

The same is true here. When Plaintiff filed her original administrative claim with HHS on May 2, 2013, GPHA had already removed this case to federal court, but the United States

12

actively opposed the removal and had not yet been substituted as a defendant, and the case had not been dismissed "for failure to first present a claim pursuant to section 2675(a)." As the Third Circuit recognized in *Huertero*, substitution of the United States and dismissal for failure to exhaust are preconditions for application of the savings clause. *See id.* at 173; *see also Mjema v. United States*, 881 F. Supp. 2d 89, 92 (D.D.C. 2012) ("[F]our things must occur for the [savings clause] to apply: 1) a plaintiff must file a civil action within two years of the alleged tort; 2) the United States must be substituted as the defendant; 3) the case must be dismissed for failure to present the tort claim to the administrative agency; and 4) the claim must be presented to the administrative agency within 60 days of the dismissal of the case."). Because these preconditions were not met when Plaintiff filed her original administrative claim, here, as in *Huertero*, Plaintiff has not yet had her "[o]ne bite at the apple" under the savings clause.[12]

The Government argues the savings clause is inapplicable because this case does not satisfy § 2679(d)(5)'s requirement that the United States be "substituted as the party defendant under this subsection," i.e., under § 2679(d). This Court disagrees. Section 2679(d) provides for substitution of the United States as the defendant in a tort action against a federal employee in

---

[12] In her summary judgment opposition, Plaintiff argues the savings clause applies to this case at present. In Plaintiff's view, GPHA's filing of a praecipe to enter notice of removal in state court on March 5, 2013, should be regarded as a dismissal of the state-court action that triggered the 60-day period in which to file an administrative claim pursuant to § 2679(d)(5)(B). The removal, however, was not in any sense a dismissal of this case, much less a dismissal for lack of subject matter jurisdiction due to Plaintiff's "failure first to present a claim pursuant to [28 U.S.C. § 2675(a)]." The Court therefore cannot agree that this case comes within the savings clause in its current posture.

The Government faults Plaintiff for not dismissing this case herself following HHS's denial of her administrative claim on April 28, 2014, and initiating a new action within six months thereafter, but it is not at all clear that Plaintiff's voluntary dismissal of this action would have constituted the dismissal "for failure to first present a claim pursuant to [28 U.S.C. § 2675(a)]" needed to trigger the savings clause. Notably, the Government also did not move to dismiss the case for lack of subject matter jurisdiction, as HHS had earlier requested.

13

three circumstances: (1) if the Attorney General certifies, in a federal-court action against the employee, that the employee was acting within the scope of his or her office or employment at the time of the incident giving rise to the claim, 28 U.S.C. § 2679(d)(1); (2) if, in a state-court action against the employee, the Attorney General provides such certification and also removes the case to federal court prior to trial, *id.* § 2679(d)(2); or (3) if the Attorney General refuses to certify scope of office or employment and the court finds, upon petition of the defendant, that the defendant was acting within the scope of his or her office or employment, *id.* § 2679(d)(3). Where the Attorney General refuses to certify scope of office or employment in an action filed in state court, and the defendant petitions the state court for such certification, the Attorney General may remove the case to federal court. *See id.*

While § 2679(d)(2) and (d)(3) provide for removal of a state-court action against a federal employee, as the Government notes, this case was removed pursuant to 42 U.S.C. § 233(*l*)(2). Whereas § 2679(d) sets forth procedures for removal and substitution for tort actions against federal employees generally, § 233 addresses "the mechanics of certification and removal" for actions against employees of the Public Health Service and federally supported health centers (and employees of such centers) that have been approved by HHS for FTCA coverage pursuant to the FSHCAA. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005). Like § 2679(d)(2), § 233(c) provides for removal of a state-court action against a covered employee "[u]pon a certification by the Attorney General that the defendant was acting within the scope of employment at the time of the incident out of which the suit arose." Section 233(*l*) provides additional methods of removal for actions against federally supported health centers and their employees. Under § 233(*l*)(1), in lieu of providing the certification contemplated by § 233(c), the Attorney General may, within 15 days after being

14

notified of the filing of a state-court action against a federally supported health center or center employee, appear in state court and advise the court whether the defendant is deemed to be a Public Health Service employee (and thus entitled to FTCA coverage) for purposes of the action. Such advice "shall be deemed to satisfy the provisions of [§ 233(c)]." 42 U.S.C. § 233(*l*)(1). Alternatively, under § 233(*l*)(2), if the Attorney General fails to appear in state court within this 15-day period, the defendant may remove the case to federal court, where, upon removal, the action shall remain stayed until the court "conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim . . . and issues an order consistent with such determination." Like § 2679(d)(3), § 233(*l*)(2) permits a defendant for whom the Attorney General has refused to provide the necessary certification to "petition the federal district court . . . for a hearing to determine whether the named defendant can be certified to be a federal employee for FTCA purposes." *See Celestine*, 403 F.3d at 82.

Although the removal procedures for actions against federally supported health centers and their employees are set forth in § 233, courts have not hesitated to suggest that the Westfall Act's savings clause is available to plaintiffs proceeding against such defendants, at least where the Government certifies that the defendant is entitled to FTCA coverage. *See id.* at 83-84; *McLaurin v. United States*, 392 F.3d 774, 782 (5th Cir. 2004); *Roman v. Lancaster Gen. Hosp.*, No. 10-1437, 2010 WL 3155322, at *6-7 (E.D. Pa. July 29, 2010). Had the United States Attorney agreed with HHS that GPHA and Drs. Ruddock and Mallory-Whitmore were entitled to such coverage with respect to the treatment at issue in this case, Plaintiff unquestionably would be able to avail herself of the savings clause. In this Court's view, it makes no sense to apply a different rule simply because Defendants were forced to seek court resolution of the FTCA coverage issue. Nor does the statute require such an incongruous result. The savings clause

"ameliorate[s] the harsh effects" of the FTCA's "strict time limitations" by affording plaintiffs who sue defendants later determined to be agents of the federal government an opportunity to exhaust administrative remedies once the United States has been substituted as a defendant. *See Roman*, 2010 WL 3155322, at *6. While § 233(*l*)(2) expands upon § 2679(d)'s removal procedures by permitting removal by a defendant who believes he or she is entitled to FTCA coverage under the FSHCAA, the hearing contemplated upon removal pursuant to § 233(*l*)(2) serves the same purpose as the procedure contemplated by § 2679(d)(3), i.e., to allow the court to determine whether the defendant is entitled to FTCA coverage with respect to the conduct on which the action is based. Thus, when this Court ordered that the United States be substituted as the sole Defendant in this action, the substitution (if not the removal) was the equivalent of a substitution pursuant to § 2679(d)(3).[13] Because the Court concludes that the Westfall Act's savings provision remains available to plaintiffs in actions removed pursuant to § 233(*l*)(2), and remains available to Plaintiff in this case notwithstanding her earlier efforts to exhaust administrative remedies, the dismissal of this action will be without prejudice to Plaintiff's right to return to federal court after presenting a new administrative claim to HHS and receiving a notice of final denial of such claim, consistent with the time limitations set forth in 28 U.S.C. §§ 2401(b) and 2769(d)(5).[14]

---

[13] Notably, while § 233(c) mirrors § 2679(d)(2) in providing that upon certification by the Attorney General that a defendant was acting within the scope of his or her employment at the time of the incident underlying in question, a state-court action against the employee shall be removed by the Attorney General to federal court and shall be deemed to be an FTCA action against the United States, § 233(c) does not specifically provide for substitution of the United States as the party defendant. At least one court has treated § 2679(d) as the basis for substitution of the United States in a case removed pursuant to § 233(c). *See Rodas v. Seidlin*, 656 F.3d 610, 613 (7th Cir. 2011).

[14] As noted, the Court understands that the exhaustion process can be completed in a matter of days or, at most, weeks, at which point Plaintiff may return to federal court and file a new FTCA

Accordingly, the Government's motion for summary judgment will be granted insofar as this case will be dismissed without prejudice for failure to exhaust administrative remedies. An appropriate order follows.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

action, whereupon, as the parties have agreed, this Court can decide the case on the merits based on the evidence presented in this proceeding.