IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDI BOOKER, Administrator, Estate of Elaine Booker | : | CIVIL ACTION |
| | : | |
| | : | No. 13-1099 |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |

## ORDER

AND NOW, this 24th day of June, 2015, for the reasons set forth in the accompanying Memorandum, it is ORDERED Defendant United States of America's Motion for Summary Judgment (Document 42) is GRANTED insofar as the above-captioned case is DISMISSED for lack of subject matter jurisdiction based on Plaintiff's failure to comply with the requirements of 28 U.S.C. § 2675(a). The dismissal is without prejudice to Plaintiff's right to return to federal court after filing a new administrative claim with the United States Department of Health and Human Services and receiving a notice of final denial of such claim, consistent with the time limitations set forth in 28 U.S.C. §§ 2401(b) and 2769(d)(5).

Upon Plaintiff's filing of a new federal-court action, the parties shall submit a stipulation providing that the evidence presented in this case shall become part of the record in the later-filed action, as agreed by the parties in conjunction with the final pretrial conference on May 26, 2015. The stipulation shall allow the parties to preserve all defenses and appellate rights.[1]

BY THE COURT:


_____/s/ Juan R. Sánchez_____
Juan R. Sánchez, J.

---

[1] So as to facilitate resolution of this case on the merits and avoid unnecessary expense to the Plaintiff, the parties may wish to consider whether they can agree that, in lieu of filing a new federal-court action, Plaintiff can file a new complaint in this action after exhaustion. *See Duplan v. Harper*, 188 F.3d 1195, 1199-1200 (10th Cir. 1999). If a new federal-court action is filed, Plaintiff should list this case as a related case on the civil cover sheet. *See* Local R. Civ. P. 40.1(b)(3)(A).